**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC 2017 LLC | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 2:19-cv-00221 |
| | § | |
| v. | § | |
| | § | PATENT CASE |
| SQUARE ENIX HOLDINGS CO., | § | |
| LTD and SQUARE ENIX CO., | § | |
| LTD., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.     Plaintiff Uniloc 2017 LLC ("Uniloc"), as and for their complaint against defendants, Square Enix Holdings Co., Ltd and Square Enix Co., Ltd. ("Square Enix"), allege as follows:

## THE PARTIES

2.     Uniloc is a Delaware limited liability company having places of business at 620 Newport Center Drive, Newport Beach, California 92660 and 102 N. College Avenue, Suite 303, Tyler, Texas 75702.

3.     Uniloc holds all substantial rights, title and interest in and to the asserted patent.

4.     Upon information and belief, Square Enix Holdings Co., Ltd is a Japanese company having a place of business at Shinjuku Eastside Square 6-27-30 Shinjuku, Shinjuku-ku, Tokyo 160-8430, Japan.

5.     Upon information and belief, Square Enix Co., Ltd is a Japanese company having a place of business at Shinjuku Eastside Square 6-27-30 Shinjuku, Shinjuku-ku, Tokyo 160-8430, Japan.

1

6.     Upon information and belief, Square Enix's principal business is the development and sale of entertainment products and services, including such franchises as Final Fantasy, Kingdom Hearts, and Dragon Quest.

## JURISDICTION AND VENUE

7.     Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

8.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Square Enix is an alien entity and therefore subject to suit in any district. This Court has personal jurisdiction over Square Enix, in part, because Square Enix provides infringing online services to subscribers who reside in this district. Upon information and belief, Square Enix has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

9.     Square Enix is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,324,578))

10.     Uniloc incorporates by reference the preceding paragraphs.

11.     U.S. Patent No. 6,324,578 ("the '578 Patent"), entitled METHODS, SYSTEMS

AND COMPUTER PROGRAM PRODUCTS FOR MANAGEMENT OF CONFIGURABLE APPLICATION PROGRAMS ON A NETWORK that issued on November 27, 2001. A true and correct copy of the '578 Patent is attached as Exhibit A hereto.

12.     Pursuant to 35 U.S.C. § 282, the '578 Patent is presumed valid.  The '578 Patent describes inventive features that are not well-understood, routine, and conventional.

13.     Square Enix filed IPR2017-01839 challenging the validity of claims of the '578 Patent.  The Patent Trial and Appeals Board denied that challenge because Square Enix did not demonstrate a reasonable likelihood it would prevail in establishing the unpatentability of the challenged claims of the '293 patent.

14.     The '578 Patent has been referenced by over one-hundred forty other patent applications/patents including patents applications/patents by IBM, Microsoft, Lucent, Netscape, General Electric, Hewlett Packard, Cisco, SAP, and Siemens.

15.     Square Enix provides a platform called "Final Fantasy XIV," which includes client software and server software that services such client software. Square Enix system operates as a software licensing and delivery system.

16.     The following is a login screen for Square Enix's platform, which provides a plurality of different applications and content for a user depending, for example, upon content licensed and/or purchased:



17.    The following shows an update of content licensed to a particular user.



**Source**:  http://forum.square-enix.com/ffxiv/threads/81275-30413-10009-10019-FFXIV-launcher-download-error

18.    Within the main interfaces of the system, a user is allowed to select one or more

4

instances from an application server.  The instances correspond to different programs available to a user.  The instances displayed to a user depend on licenses, which can include experience level or length of game play. The following Square Enix document discusses such a sampling of such "instance," which is described as "one of many copies."



**Source**:
http://na.finalfantasyxiv.com/lodestone/news/detail/cf64e3f901831f2f280c5c3add385fd36bda2153

      19.    The following is another example of an instance a user is allowed to select corresponding to an application referred to as "Wolves Den."



The Wolves' Den is an instanced battle arena where adventurers can do battle with one another. Players can participate in the Feast or the Fold where they will be divided between two teams of four or eight—the Fangs and the Claws—depending on the type of match selected.

**Source**: http://na.finalfantasyxiv.com/lodestone/playguide/contentsguide/wolvesden/

20.     The following are additional examples of applications a user can select.



**Source**: http://na.finalfantasyxiv.com/lodestone/playguide/contentsguide/wolvesden/



**Source:**  http://na.finalfantasyxiv.com/lodestone/playguide/contentsguide/frontline/

21.    The following are additional examples of applications a user can select once prescribed criteria have been satisfied.



**Source**:  http://na.finalfantasyxiv.com/lodestone/playguide/pvpguide/system

22.     The following is an example of an additional application that can be accessed through Defendants' system called the "Ceremony of Eternal Bonding." Upon purchase of a license to this application, a user may invite others to also use the application for a time-limiting duration.



**Source**: http://www.finalfantasyxiv.com/eternalbond/us/index.html?lng=en&rgn=na

23.     The following is an example of an interface for management of content and licenses corresponding to the system.

| Account Status | | | | | |
| --- | --- | --- | --- | --- | --- |
| Account Type | Standard | | | | |

| Version | Windows® | PlayStation®4 | PlayStation®3 | Mac | Collector's Edition |
| --- | --- | --- | --- | --- | --- |
| A Realm Reborn | ○ | | | | |
| Heavensward | ○ | | | | |

A "○" is displayed for platforms on which a license has been obtained.

**Source**: product testing at https://secure.square-enix.com/account/app/svc/mogstation

24.     The following is another example of an interface for management of content and licenses corresponding to the system.



**Source**: product testing at https://secure.square-enix.com/account/app/svc/acctop

25.     The following illustrates a different upgraded version of an application.  An existing user (on the right) can purchase jus the upgrade whereas a new "player" purchases a new version of the application.



**Source**:  http://na.finalfantasyxiv.com/product/

26.     The following illustrates that three separate applications can be accessed: "Realm Reborn," "Heavenward," and "Stormblood."

| Package Contents Summary | | | | |
|---|---|---|---|---|
| | A Realm Reborn | Heavensward | Stormblood | Notes |
| FINAL FANTASY XIV Online Starter Edition | ○ | - | - | |
| FINAL FANTASY XIV Online Complete Edition | ○ | ○ | ○ | * The collector's edition also includes in-game bonus items. |
| FINAL FANTASY XIV: Stormblood | - | ○ | ○ | * The collector's edition also includes in-game bonus items.<br>* The installation and registration of FINAL FANTASY XIV: A Realm Reborn is required. |

**Source**:  http://na.finalfantasyxiv.com/product/

27.     Square Enix has directly infringed, and continues to directly infringe one or more claims of the '578 Patent, including at least claim 1, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its software licensing and delivery system during the pendency of the '578 Patent which software and associated backend server architecture inter alia allows for installing application programs having a plurality of configurable preferences and authorized users on a network, distributing an application launcher program to a user, the user obtaining a set of configurable preferences, obtaining an administrator set of configurable preferences and executing the application program using the user and administrator sets of configurable preferences responsive to a request from a user.

28.     In addition, should Square Enix's software licensing and delivery system be found to not literally infringe one or more claims of the '578 Patent, Square Enix's products would nevertheless infringe one or more claims of the '578 Patent under the doctrine of equivalents. More specifically, the accused software/system performs substantially the same function (making computer games available for digital download/management), in substantially the same way (via a client/server environment), to yield substantially the same result (distributing application programs to a target on-demand server on a network). Square Enix would thus be liable for direct infringement under the doctrine of equivalents.

29.     Square Enix has indirectly infringed and continues to indirectly infringe one or more claims of the '578 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, by actively inducing the using, offering for sale, or selling of the Square Enix software licensing and delivery system. Square Enix's customers and/or agents who operate on behalf of Square Enix and who use the Square Enix software licensing and delivery system in accordance

with Square Enix's instructions directly infringe the foregoing claims of the '578 Patent, in violation of 35 U.S.C. § 271. Square Enix intentionally instructs its customers and/or agents to infringe through training videos, demonstrations, brochures, and installation and user guides for the software and system.

30.     Square Enix is thereby liable for infringement of the '578 Patent under 35 U.S.C. § 271(b).

31.     Square Enix has indirectly infringed and continues to indirectly infringe one or more claims of the '578 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, by, among other things, contributing to the direct infringement by others including customers and/or agents using the Square Enix software licensing and delivery system, by making, offering to sell, and selling a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '578 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

32.     For example, the Square Enix software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, the Square Enix software licensing and delivery system is a material part of the claimed inventions and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Square Enix is, therefore, liable for infringement under 35 U.S.C. § 271(c).

33.     Square Enix will have been on notice of the '578 Patent since, at the latest, the service of the complaint upon its related company in Uniloc USA, Inc. et al v. Square Enix, Inc., Case No. 2:16-cv-872 in the Eastern District of Texas.  By the time of trial, Square Enix will have known and intended (since receiving such notice) that its continued actions would actively induce,

and contribute to, the infringement of one or more claims of the '578 Patent.

34.     Square Enix may have infringed the '578 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its software licensing and delivery system. Uniloc reserves the right to discover and pursue all such additional infringing software.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 7,069,293)

35.     Uniloc incorporates the paragraphs above by reference.

36.     U.S. Patent No. 7,069,293 ("the '293 Patent"), entitled METHODS, SYSTEMS AND COMPUTER PROGRAM PRODUCTS FOR DISTRIBUTION OF APPLICATION PROGRAMS TO A TARGET STATION ON A NETWORK that issued on June 27, 2006. A true and correct copy of the '293 Patent is attached as Exhibit B hereto.

37.     Pursuant to 35 U.S.C. § 282, the '293 Patent is presumed valid. The '293 Patent describes inventive features that are not well-understood, routine, and conventional.

38.     Square Enix filed IPR2017-01827 challenging the validity of claims of the '293 Patent. The Patent Trial and Appeals Board denied that challenge because Square Enix did not demonstrate a reasonable likelihood it would prevail in establishing the unpatentability of the challenged claims of the '293patent.

39.     Square Enix has a contract with Unified Patents. Unified Patents filed IPR2017-00184 challenging the validity of claims of the '293 Patent. The Patent Trial and Appeals Board denied that challenge because Unified Patents did not demonstrate a reasonable likelihood it would prevail in establishing the unpatentability of the challenged claims of the '293 patent.

40.     The '293 Patent has been referenced by over eighty other patent applications/patents

including patents applications/patents by Cisco, AT&T, Microsoft, AOL, SAP, and Samsung.

41.     Square Enix has directly infringed, and continues to directly infringe one or more claims of the '293 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling its software licensing and delivery system during the pendency of the '293 Patent which software and associated backend server architecture *inter alia* allow for providing an application program for distribution to a network server, specifying source and target directories for the program to be distributed, preparing a file packet associated with the program including a segment configured to initiate registration and distributing the file packet to the target on-demand server to make the program available for use by a client user.

42.     In addition, should Square Enix's software licensing and delivery system be found to not literally infringe one or more claims of the '293 Patent, Square Enix would nevertheless infringe one or more claims of the '293 Patent under the doctrine of equivalents. More specifically, the accused software licensing and delivery system performs substantially the same function (distributing application programs to a target on-demand server on a network), in substantially the same way (via a client/server environment to target on-demand users), to yield substantially the same result (making application programs available for use by target on-demand users). Square Enix would thus be liable for direct infringement under the doctrine of equivalents.

43.     Square Enix has indirectly infringed and continues to indirectly infringe one or more claims of the '293 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, by actively inducing the using, offering for sale, or selling of the Square Enix software licensing and delivery system. Square Enix's customers and/or agents who operate on behalf of Square Enix who use the Square Enix software licensing and delivery system in accordance with

14

Square Enix's instructions directly infringe the foregoing claims of the '293 Patent, in violation of 35 U.S.C. § 271. Square Enix intentionally instructs its customers and/or agents to infringe through training videos, demonstrations, brochures, and installation and user guides for the software and system.

44.     Square Enix is thereby liable for infringement of the '293 Patent under 35 U.S.C. § 271(b).

45.     Square Enix has indirectly infringed and continues to indirectly infringe one or more claims of the '293 Patent, including at least Claim 1, in this judicial district and elsewhere in Texas, by, among other things, contributing to the direct infringement by others including customers and/or agents using the Square Enix software licensing and delivery system, by making, offering to sell, and selling a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '293 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

46.     For example, the Square Enix software is a component of a patented machine, manufacture, or combination, or an apparatus for use in practicing a patented process. Furthermore, the Square Enix software licensing and delivery system is a material part of the claimed inventions and is not a staple article or commodity of commerce suitable for substantial non-infringing use. Square Enix is, therefore, liable for infringement under 35 U.S.C. § 271(c).

47.     Square Enix will have been on notice of the '293 Patent since, at the latest, the service of the complaint upon its related company in Uniloc USA, Inc. et al v. Square Enix, Inc., Case No. 2:16-cv-872 in the Eastern District of Texas.  By the time of trial, Square Enix will have known and intended (since receiving such notice) that its continued actions would actively induce,

and contribute to, the infringement of one or more claims of the '293 Patent.

48.     Square Enix may have infringed the '293 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its software licensing and delivery system. Uniloc reserves the right to discover and pursue all such additional infringing software.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Square Enix as follows:

(A)     that Square Enix has infringed the '578 Patent and the '293 Patent;

(B)     awarding Uniloc its damages suffered as a result of Square Enix' infringement of the '578 Patent and the '293 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining Square Enix, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '578 Patent and the '293 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses, and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: June 12, 2019                         Respectfully submitted,

                                             */s/ James L. Etheridge*

                                             James L. Etheridge
                                             Texas State Bar No. 24059147
                                             Ryan S. Loveless
                                             Texas State Bar No. 24036997
                                             Brett A. Mangrum
                                             Texas State Bar No. 24065671
                                             Travis L. Richins
                                             Texas State Bar No. 24061296
                                             Jeff Huang

                                             ETHERIDGE LAW GROUP, PLLC
                                             2600 E. Southlake Blvd., Suite 120 / 324
                                             Southlake, Texas 76092
                                             Telephone: (817) 470-7249
                                             Facsimile: (817) 887-5950
                                             Jim@EtheridgeLaw.com
                                             Ryan@EtheridgeLaw.com
                                             Brett@EtheridgeLaw.com
                                             Travis@EtheridgeLaw.com
                                             Jeff@EtheridgeLaw.com

                                             **Counsel for Plaintiff Uniloc 2017 LLC**